**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| KAYLA M. BRADY, et al. | * |
| | *   Civil Case No.: 8:21-cv-01412-CBD |
| Plaintiffs, | * |
| | * |
| v. | * |
| | * |
| WALMART INC., et al. | * |
| | * |
| Defendants. | * |

## WALMART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants Walmart Inc. and Wal-Mart Stores East, L.P. (collectively, "Walmart"), by counsel and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, move the Court to enter judgment in their favor and against Plaintiffs Kayla M. Brady, individually and as the personal representative of the Estate of Jacob C. Mace, C.C., by and through his mother and next friend Nicole Clark, G.M., by and through his mother and next friend Kayla Brady, Debra McCreary, and Mark Mace (collectively, "Plaintiffs"). Walmart files simultaneously herewith its Brief in Support of Motion for Judgment on the Pleadings.

As established in Walmart's Brief in Support, Plaintiffs' claims are barred under the Protection of Lawful Commerce in Arms Act, 15 U.S.C. § 7901 *et seq*. (2021) ("PLCAA"), and Plaintiffs have not pled legally cognizable claims under Maryland law. As an initial matter, Plaintiffs' claims are preempted pursuant to the PLCAA. The PLCAA bars a "qualified civil liability action," which includes the claims as pled by the Plaintiffs: negligence, negligence *per se*, and public nuisance. Though Plaintiffs might argue that their Complaint falls under two of the exceptions to the PLCAA – the negligent entrustment exception or the predicate exception – neither exception applies to the Complaint as pled. First, the negligent entrustment exception does not apply because Maryland law requires that Walmart have control of the shotgun at the time of

Mace's suicide, which Plaintiffs have not pled. Second, the predicate exception does not apply because it only applies to the sale or marketing of the shotgun and the Maryland statute cited by the Plaintiffs, § 5-205(b)(6), applies to the possession of the shotgun, but not the sale or marketing of the shotgun.

Assuming *arguendo* Plaintiffs' claims were to fall within the two PLCAA exceptions, Plaintiffs have failed to adequately plead cognizable claims under Maryland law. Under Maryland law, in order for a defendant to be held liable for a decedent's suicide, the defendant's negligent conduct must have caused the decedent's insanity and (1) the caused insanity prevented the decedent from understanding the nature of the act and the certainty of the harm; or (2) the caused insanity made it impossible to resist an "uncontrollable impulse" that deprived the decedent of the capacity to govern his own conduct in a reasonable manner. Because the Plaintiffs have not pled that decedent Jacob Mace was insane or that Walmart caused Mace's insanity, then their Complaint fails as a matter of law. Similarly, Plaintiffs have failed to adequately plead a cognizable public nuisance claim under Maryland law.

WHEREFORE, Defendants Walmart Inc. and Wal-Mart Stores East, L.P., respectfully request that this Court enter judgment in their favor, dismiss Plaintiffs' Complaint with prejudice, and for all other appropriate relief.

Respectfully submitted,

By: */s/ Kevin C. Schiferl*
Kevin C. Schiferl, IN Atty #14138-49
Stephanie V. McGowan, IN Atty #30759-49
Adam S. Ira, IN Atty #32017-49
FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
PO Box 44961
Indianapolis, IN 46244-0961
Telephone: (317) 237-3819
Fax: (317) 237-3900
kschiferl@fbtlaw.com
smcgowan@fbtlaw.com
aira@fbtlaw.com

Christopher R. Dunn, #8712010168
DeCARO, DORAN, SICILIANO,
GALLAGHER & DeBLASIS, LLP
17251 Melford Boulevard, Suite 200
Bowie, Maryland 20715
Telephone: (301) 352-4950
Fax: (301) 352-8691
cdunn@decarodoran.com
*Counsel for Defendants Walmart Inc. and Wal-Mart Stores East, L.P.*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of September, 2021, a copy of the foregoing **Walmart Defendants' Motion for Judgment on the Pleadings** was electronically filed and forwarded to:

| | |
|---|---|
| Kevin P. Sullivan, Esq.<br>Daniel P. Stringer, Esq.<br>SALSBURY SULLIVAN, LLC<br>100 North Charles Street, Suite 900<br>Baltimore, MD 21201<br>ksullivan@salsburysullivanlaw.com<br>dstringer@salsburysullivanlaw.com<br><br>*Counsel for Plaintiffs* | Jonathan Lowy<br>Brady, United Against Gun Violence<br>840 First Street NE, Suite 400<br>Washington, DC 20002<br>jlowy@bradyunited.org<br><br>*Counsel for Plaintiffs*<br><br><br>*/s/ Kevin C. Schiferl* |

FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
PO Box 44961
Indianapolis, IN 46244-0961
317-237-3800
Fax: 317-237-3900
kschiferl@fbtlaw.com
smcgowan@fbtlaw.com
aira@fbtlaw.com

LR08000.0745228   4837-1837-0297v2