IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KAYLA M. BRADY, *et al.*,

    Plaintiffs,

v.

WALMART INC., *et al.*,

    Defendants.

No. 8:21-cv-01412-CBD

## NOTICE OF INTERVENTION BY THE UNITED STATES TO DEFEND THE CONSTITUTIONALITY OF A FEDERAL STATUTE

Pursuant to Federal Rules of Civil Procedure 5.1(c) and 24(a)(1) and 28 U.S.C. § 2403(a), the United States hereby intervenes in this case to present argument on the constitutional challenge to the Protection of Lawful Commerce in Arms Act ("PLCAA" or "Act"), 15 U.S.C. §§ 7901–7903, raised by Plaintiffs in their opposition to Defendants Walmart Inc. and Wal-Mart Stores East, L.P's motion for judgment on the pleadings, ECF No. 34 ("Pls.' Opp."). Plaintiffs contend that PLCAA, if construed to preempt all their claims, violates the Commerce Clause, the Tenth Amendment, and the Fifth Amendment's due-process and equal-protection components. *Id.* at 28–34. Plaintiffs also contend that constitutional principles require certain provisions of the Act to be interpreted narrowly to avoid barring their claims. *Id.* at 7–9, 20. Contemporaneous with this notice, the United States will file a brief in defense of the constitutionality of PLCAA.

The United States is entitled to intervene in this case under the Federal Rules of Civil Procedure and the United States Code. Federal Rule of Civil Procedure 5.1(c) permits the Attorney General to intervene in an action where, as here, the constitutionality of a federal statute has been challenged. Federal Rule of Civil Procedure 24(a)(1) further permits a non-party to intervene when it "is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). The United States is specifically authorized by federal statute to intervene in any federal action in which the constitutionality of an Act of Congress is drawn into question. 28 U.S.C. § 2403(a) ("In any action . . .

1

wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court . . . shall permit the United States to intervene . . . for argument on the question of constitutionality."). Here, Plaintiffs have provided notice of their constitutional challenge to PLCAA to the Attorney General of the United States. *See* Pls.' Notice of Constitutional Challenge of Statute, ECF No. 35 (Oct. 28, 2021); *see also, e.g.*, *Oklahoma ex rel. Edmondson v. Pope*, 516 F.3d 1214, 1216 (10th Cir. 2008) ("The certification requirement [of Rule 5.1] protects the public interest by ensuring that the Executive Branch can make its views on the constitutionality of federal statutes heard." (citing 28 U.S.C. § 2403(a); 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1915 (2d ed.1986))). Therefore, Section 2403(a) unconditionally allows the United States to intervene to defend PLCAA's constitutionality.

Intervention by the United States will not interfere with the timely adjudication of this action. Federal Rule of Civil Procedure 5.1(c) provides the United States with sixty days to intervene following Plaintiffs' notice of the constitutional challenge. By intervening within that time period and filing its brief contemporaneously, the United States has ensured that this action will not be unduly disrupted.

For these reasons, the United States hereby provides notice of intervention in this matter for the purpose of defending the constitutionality of PLCAA.

Dated: December 27, 2021          Respectfully Submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

LESLEY FARBY
Assistant Branch Director
Civil Division, Federal Programs Branch

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Mont. Bar No. 55816869
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Tel: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Attorneys for Intervenor United States of America*