IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KAYLA M. BRADY, *et al.*, | |
| Plaintiffs, | |
| v. | No. 8:21-cv-01412-AAQ |
| WALMART INC., *et al.*, | |
| Defendants. | |

**NOTICE**

The United States of America, as intervenor in this matter, respectfully submits this notice regarding plaintiffs' constitutional challenges to the Protection of Lawful Commerce in Arms Act ("PLCAA"), 15 U.S.C. §§ 7901–7903, which plaintiffs renewed in opposing defendants' motion for summary judgment, *see* Pls.' Opp. to Defs.' Mot. for Summary J. ("Pls.' Opp.") at 25, ECF No. 79.

**1.** Plaintiffs filed this lawsuit in 2021, seeking relief for harms resulting from a family member's suicide, carried out with the use of a firearm and ammunition purchased from defendants. In September 2021, defendants moved for judgment on the pleadings, arguing that plaintiffs' claims should be dismissed because they (i) do not state cognizable claims under state law, and (ii) are preempted by PLCAA. *See* Walmart Defs.' Mot. for J. on Pleadings, ECF No. 31. In opposing that motion, plaintiffs argued principally that PLCAA does not apply in this case and, even if it does, their claims would satisfy at least one of the statute's exceptions. *See* Pls.' Opp. to Defs.' MTD at 4–20, ECF No. 34. But plaintiffs argued in the alternative that, if the Court rejected those arguments and found that PLCAA bars their claims, the statute is unconstitutional. *Id.* at 28–34.

Because the United States has a unique interest in defending the constitutionality of federal statutes, it intervened in this matter pursuant to Federal Rules of Civil Procedure 5.1(c) and 24(a)(1)

and 28 U.S.C. § 2403(a) solely to present argument on plaintiffs' constitutional challenges to PLCAA. *See* Not. of Interv. by U.S. to Defend Constitutionality of Fed. Statute, ECF No. 38. And with its notice of intervention, the United States submitted a brief addressing each of plaintiffs' constitutional contentions in turn, explaining why virtually every federal court and state appellate court that has addressed the same or similar arguments has confirmed that PLCAA is constitutional. *See* Br. of U.S. in Resp. to Pls.' Fed. R. Civ. P. 5.1 Not. of Constitutional Challenge ("U.S. Br."), ECF No. 40. The United States took no position regarding whether PLCAA or any of its exceptions apply to plaintiffs' claims. *Id.* at 1.

In July 2022, this Court denied in part and granted in part defendants' motion for judgment on the pleadings. *See* Memo. Op., ECF No. 42. In resolving that motion, the Court did not address plaintiffs' arguments regarding PLCAA's constitutionality because it found that their claims "are not barred by [] PLCAA." *Id.* at 7.

**2.** In December 2023, defendants moved for summary judgment, arguing (among other things) that plaintiffs' claims are preempted under PLCAA. *See* Walmart Defs.' Br. in Supp. of MSJ, ECF No. 70-1. On that score, plaintiffs oppose defendants' motion like they opposed defendants' motion for judgment on the pleadings: They argue that PLCAA does not apply in this case and, even if it does, their claims would satisfy at least one of the statute's exceptions. *See* Pls.' Opp. at 19–25. But in the event the Court determines that PLCAA bars all their claims, plaintiffs have renewed their constitutional challenges to PLCAA by "adopt[ing] and incorporat[ing]" in their opposition brief the arguments they made in opposing defendants' motion for judgment on the pleadings "that PLCAA is unconstitutional" under the Commerce Clause and the Fifth and Tenth Amendments. *Id.* at 28–34. They do not offer any new constitutional arguments, however.

**3.** In light of plaintiffs' renewed constitutional challenges to PLCAA, the United States hereby renews its arguments in defense of the statute's constitutionality, as set forth in its earlier briefing. *See*

2

U.S. Br. at 1–24. As before, the United States takes no position on whether PLCAA or any of its exceptions apply to plaintiffs' claims. The principal arguments in plaintiffs' opposition to defendants' motion for summary judgment are statutory, and if the Court can resolve that motion without reaching the constitutional issues that plaintiffs raise, it should do so. But if the Court reaches those issues, it should uphold PLCAA as constitutional, consistent with the considerable body of case law affirming the statute's constitutionality.

Dated: March 1, 2024                     Respectfully Submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LESLEY FARBY
Assistant Branch Director
Civil Division, Federal Programs Branch

/s/ Jody D. Lowenstein
JODY D. LOWENSTEIN
Mont. Bar No. 55816869
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Tel: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Attorneys for Intervenor United States of America*