6621 4th Street, NW
Los Ranchos, NM 87107

November 10, 2023

*VIA email at ksullivan@salsburysullivanlaw.com*

Kevin P. Sullivan, Esq.
SALSBURY SULLIVAN LLC
100 North Charles Street, Suite 900
Baltimore, MD 21201

**RE:** *Kayla Brady, et al. v. Walmart, Inc., et al.*
Case No. 8:21-cv-01412-CBD

Dear Mr. Sullivan,

After my deposition on September 6, you provided me with additional depositions of Nicholas Colucci and Timothy Crowley. These depositions were referenced in my deposition, but the transcripts had not previously been made available to me. For reasons more fully discussed below, these depositions support the conclusions in my earlier opinion and elaborate on Walmart's acknowledgement of its responsibilities under the law and to the communities it serves to take steps to prevent the sale or transfer of firearms and ammunition to individuals with suicidal ideations.

Reference is made specifically to the deposition of Mr. Colucci in this regard. While not in the role at the time of Mr. Mace's death, he was testifying on behalf of the company as the Senior Director for Alcohol, Tobacco and Firearms Compliance.

On page 21 of his deposition, Mr. Colucci indicates that the policy of the company is that an associate should refuse a sale of he or she believes that the purchaser is or may be considering harm to himself or others.

Mr. Colucci indicated that a manager would have an "obligation to trigger that reporting," if he or she had knowledge of a purchaser being a threat to himself or others (pages 93, 94). This was more by way of practice than a specific policy (page 92).

In elaborating this practice, Mr. Colucci stated:

> In the case that a manager was aware of imminent self harm or harm to others, that manager would, I believe, report it to the market asset protection manager . . ., but there are reporting requirements that would include the emergency operations center and that emergency operations center would -- one of their responsibilities, if it is in the case of

harm to others or self harm, would make that threat management team aware of that. So, ultimately, that message would get to the threat management team.

(Pages 101-102)

No such action was taken by the management team. If the statements of Christing O'Shea and others are taken as true, management was aware of Mr. Mace's suicide attempts. In such case, Mr. Colucci's testimony was that this would trigger a report and response. None of this occurred. If management had knowledge and took no action, this would be a departure from established Walmart policy and would constitute a breach of duty to Mr. Mace.

Thank you for the opportunity to supplement my earlier opinion.

Very truly yours,

Mark C. Abramson