FILED_____ ENTERED
LOGGED_____ RECEIVED

JAN 22 2026

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KAYLA M. BRADY, *et al.*,         *
                                  *
       Plaintiffs,                *
                                  *   Civil Case No.: 8:21-cv-01412-AAQ
vs.                               *
                                  *
WALMART INC.,                     *
                                  *
       Defendant.                 *

## VERDICT FORM

In the matter of <u>Kayla M. Brady, *et al.*</u> v. <u>Walmart, Inc.</u>, we the jury find the following:

1. Do you find by a preponderance of the evidence that the Defendant was negligent?

   YES ✓         NO _____

   If your answer is **YES** to Question 1, go to Question 2. If your answer is **NO** to Question 1, **Stop and go no further**.

2. Do you find by a preponderance of the evidence that Defendant's negligence proximately caused the Plaintiffs' damages?

   YES ✓         NO _____

   If your answer is **YES** to Question 2, go to Question 3. If your answer is **NO** to Question 2, **Stop and go no further**.

3. Do you find by a preponderance of the evidence that Defendant negligently entrusted the firearm to Jacob Mace?

   YES ✓         NO _____

Go to Question 4.

4. Do you find by a preponderance of evidence that Defendant knowingly violated a Maryland Statute applicable to the sale of the firearm and that the violation was a proximate cause of the Plaintiffs' damages?

YES ✓        NO____

If your answer is **YES** to Question 3 **OR** Question 4, then proceed to Question 5. If your answer is **NO** to both Question 3 **AND** Question 4, then **Stop and go no further**.

5. Do you find by a preponderance of evidence that Jacob Mace negligently contributed to his death?

YES____        NO ✓

If your answer is **YES** to Question No. 5, then **Stop and go no further**. If your Answer to Question No. 5 is **NO**, then proceed to Question No. 6.

6. Do you find by a preponderance of evidence that Jacob Mace assumed the risk of his injuries?

YES____        NO ✓

If your answer is **YES** to Question No. 6, then **Stop and go no further**. If your Answer to Question No. 6 is **NO**, then proceed to Question No. 7.

7. Do you find by a preponderance of the evidence that Kayla M. Brady negligently contributed to the death of Jacob Mace?

YES ✓        NO____

If your answer is **YES** to Question No. 7, then **SKIP** Question 8 and proceed to Question 9. If your answer is **NO**, then proceed to Question 8.

3

8. What amount of damages, if any, do you award to Kayla M. Brady for each of the following:

    a.    Lost Wages: _____

    b.    Lost Services: _____

    c.    Noneconomic Damages: _____

Proceed to Question 9

9. Do you find by a preponderance of the evidence that Debra McCreary negligently contributed to the death of Jacob Mace?

    YES_____    NO __✓__

If your answer is **YES** to Question 9, then **Skip** Question 10 and proceed to Question 11. If your answer is **NO**, then Proceed to Question 10.

10. What amount of damages, if any, do you award to Debra McCreary for the following:

    a.  Noneconomic Damages: $1,760,000

Proceed to Question 11

11. Do you find by a preponderance of the evidence that Mark Mace negligently contributed to the death of Jacob Mace?

    YES_____    NO __✓__

4

If your answer is **YES** to Question 11, then **Skip** Question 12 and proceed to Question 13. If your answer is **NO**, then Proceed to Question 12.

12. What amount of damages, if any, do you award to Mark Mace for the following:

   a. Noneconomic Damages: $1,760,000

Proceed to Question 13

13. What amount of damages, if any, do you award to Grayson Mace for each of the following:

   a. Lost Wages: $948,000

   b. Lost Services: $818,635

   c. Noneconomic Damages: $2,060,000

Proceed to Question 14

14. What amount of damages, if any, do you award to Christopher Clark for each of the following:

   a. Lost Wages: $632,000

   b. Lost Services: $90,959

   c. Noneconomic Damages: $2,440,000

JURY FOREPERSON

5